**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| DIANE R. CALHOUN, § | |
| § | |
| Plaintiff § | |
| § | **Case No.:** |
| v. § | |
| § | **COMPLAINT AND DEMAND FOR** |
| VAN RU CREDIT CORPORATION, § | **JURY TRIAL** |
| § | |
| Defendant § | **(Unlawful Debt Collection Practices)** |

# COMPLAINT

DIANE R. CALHOUN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VAN RU CREDIT CORPORATION. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C . § 227, *et. seq*. ("TCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Dallas, Texas 75237.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. 153 (39).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Defendant is a debt collection company located at 1350 E. Touhy Avenue, Suite 300E Des Plaines, Illinois 60018.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6), who repeatedly contacted Plaintiff in an attempt to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has had a cellular telephone number for more than one (1) year.

13. Plaintiff has only used this number as a cellular telephone number.

14. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

15. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

16. Plaintiff never incurred any debt in connection with a business or commercial activity, and therefore, the debt if truly and obligation owed by her, could only have arisen from financial obligations primarily for personal, family, or household purposes.

17. Beginning in or around January and continuing through May 2017, Defendant placed repeated harassing telephone calls to Plaintiff.

18. Defendant's calls originated from the numbers including, but not limited to: (866) 608-7665. The undersigned has confirmed that this number belongs to Defendant.

19. When calling Plaintiff, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice.

20. Defendant's telephone calls were not made for "emergency purposes."

21. When the calls first began in January 2017, Plaintiff told Defendant to stop calling her, thereby revoking any consent that Defendant may have thought it had to call Plaintiff's cellular telephone number.

22. Defendant heard Plaintiff's request, yet rather than updating its records, it continued to place collection calls to Plaintiff.

23. Once Defendant was aware that its calls were unwanted any further calls could only have been placed for the purpose of harassing Plaintiff.

24. Plaintiff repeated her request for calls to cease through May 2017, but Defendant ignored these repeated requests and continued to call.

25. Moreover, Defendant's calls were placed at inconvenient times for Plaintiff, for example, before 8 A.M. and after 9 P.M. and while Plaintiff was working.

26. Lastly, within five days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written correspondence of her rights to dispute the debt and/or request verification of the debt, as well as, her right to request the name and the address of the original creditor.

27. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

28. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §§ 1692c(a)(1).

    a. A debt collector violates § 1692c(a)(1) of the FDCPA by communicating a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

    b. Defendant violated section 1692c(a)(1) of the FDCPA when it called Plaintiff before 8:00am, after 9:00pm, and when she was at work.

### COUNT II

29. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called

number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff on her cellular telephone and continuing to call after being informed repeatedly to cease.

## COUNT III

30. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

   a. A debt collector violates § 1692g(a) of the FDCPA by failing, within five days after the initial communication with a consumer in connection with the collection of a debt, to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

      b.      Here, Defendant violated § 1692g(a) of the FDCPA by failing to send Plaintiff written notification of her rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial communication with her.

## DEFENDANT VIOLATED THE
## TELEPONE CONSUMER PROTECTION ACT

### COUNT VI

31. Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

32. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

33. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

34. Despite the fact that Plaintiff revoked consent to Defendant placing calls to her, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

35. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

36. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, DIANE R. CALHOUN, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

    d.    Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    e.    Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

    f.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DIANE R. CALHOUN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: */s/ Amy Lynn Bennecoff Ginsburg*
    AMY LYNN BENNECOFF GINSBURG
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888 ext. 167
    Fax: (877) 788-2864
    teamkimmel@creditlaw.com

Date: June 9, 2017